UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-10022-ADB |
| | ) | |
| JAMIE FIGUEROA, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S FILING REGARDING COMPETENCY HEARING**

The Court has ordered a hearing under 18 U.S.C. § 4241(c) for tomorrow, September 14,

2018. The government respectfully submits this filing in advance of the hearing.

**STATUTORY FRAMEWORK**

Title 18, Section 4241 is entitled "Determination of mental competency to stand trial [or]

to undergo postrelease proceedings." Subsections (a) – (d) provide:

**(a) Motion to determine competency of defendant**.--At any time after the
commencement of a prosecution for an offense and prior to the sentencing of the
defendant, or at any time after the commencement of probation or supervised
release and prior to the completion of the sentence, the defendant or the attorney
for the Government may file a motion for a hearing to determine the mental
competency of the defendant. The court shall grant the motion, or shall order such
a hearing on its own motion, if there is reasonable cause to believe that the
defendant may presently be suffering from a mental disease or defect rendering
him mentally incompetent to the extent that he is unable to understand the nature
and consequences of the proceedings against him or to assist properly in his
defense.

**(b) Psychiatric or psychological examination and report.**--Prior to the date of
the hearing, the court may order that a psychiatric or psychological examination
of the defendant be conducted, and that a psychiatric or psychological report be
filed with the court, pursuant to the provisions of section 4247 (b) and (c).

**(c) Hearing.**--The hearing shall be conducted pursuant to the provisions of
section 4247(d).

**(d) Determination and disposition.**--If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility—

> **(1)** for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and
>
> **(2)** for an additional reasonable period of time until—
>
>> **(A)** his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or
>>
>> **(B)** the pending charges against him are disposed of according to law;

whichever is earlier.

18 U.S.C. § 4241(a)-(d).

## RELEVANT FACTS

On January 25, 2018, the defendant was indicted on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

On April 18, the defendant, through his counsel, filed a motion under 18 U.S.C. § 4241(a) requesting a competency evaluation and hearing. The Court allowed the motion. On April 23, the Court issued an Order (revised on May 4) directing the U.S. Marshal to transfer the defendant to FMC Devens for a psychological examination, and directing that a psychologist at Devens prepare a psychological report for the Court and counsel, pursuant to 18 U.S.C. § 4241(b).

The defendant was evaluated at FMC Devens from June 7 to July 7, 2018, by Chad Tillbrook, Ph.D., a forensic psychologist. Upon completion of his evaluation, Dr. Tillbrook prepared a report opining that the defendant is currently not mentally competent to stand trial. Dr. Tillbrook recommended that the defendant be committed pursuant to 18 U.S.C. § 4241(d) for further evaluation and treatment for restoration to competency. He wrote in relevant part:

> [I]t is my opinion that Mr. Figueroa has an adequate factual understanding of the courtroom proceedings. However, due to his psychiatric illness, the defendant has substantial impairment in making rational decisions pertinent to the adjudication of his case. His disorganized thinking and delusional beliefs produce significant deficits in his ability to participate rationally with his attorney in the preparation and implementation of his defense.

> *   *   *

> It is respectfully recommended that Mr. Figueroa be committed for further evaluation and treatment for restoration of his competency pursuant to Title 18, United States Code, Section 4241(d). Based on individuals who present with similar psychiatric symptoms and competency deficits, were he provided a sustained period of treatment with psychotropic medications, Mr. Figueroa's symptoms would likely remit sufficiently so as to permit his legal case to proceed.

Tillbrook report (Aug. 10, 2018) at 12.

The government agrees with Dr. Tillbrook's conclusions and recommendations.[1] If the Court were to find the defendant incompetent and order him to be committed for treatment to try to restore his competency, he would be committed to either FMC Butner in North Carolina or

---

[1] The government is not currently seeking an order of forcible medication to restore the defendant's competency. Dr. Tillbrook has opined that "involuntary treatment with medication (vis-à-vis *Sell v. United States*, 2003) *may* need to be pursued in order to restore [the defendant] to competency." Tillbrook report (Aug. 10, 2018) at 13 (emphasis added). If the defendant is ordered to undergo treatment to restore competency and, while under treatment, he agrees to receive medications prescribed for him, this issue may be avoided. *Cf. United States v. Vigeant*, 2012 WL 3064410, at *1 (D. Mass. Apr. 18, 2012) (Casper, J., adopting the R&R of Sorokin, M.J., to allow the government's request to forcibly medicate the defendant to restore his competency) (citing *Sell v. United States*, 539 U.S. 166 (2003)).

FMC Springfield in Missouri. According to BOP counsel, these are the only two BOP facilities that accept Section 4241(d) competency restoration cases.

## THE LAW

Under Section 4241(d), the Court's decision is to be made "after [a] hearing." The scope of the hearing is defined by Section 4247(d), which states that the defendant shall be represented by counsel and "shall be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing." 18 U.S.C. § 4247(d). Section 4247(d) provides that a defendant "shall be afforded" these rights, not that he "shall invoke" them. Accordingly, Mr. Figueroa may waive his right to testify and his right to call and cross-examine witnesses, and the Court may base its ruling solely on Dr. Tillbrook's report. *See, e.g., United States v. Giron-Reyes*, 234 F.3d 78, 80 (1st Cir. 2000) ("After a hearing on June 18, 1999, at which no evidence was presented because the government did not dispute the [BOP forensic] report, the court found appellant incompetent and ordered him hospitalized for treatment pursuant to 18 U.S.C. § 4241(d)"); *United States v. Gilbert*, No. 10-mj-179-JHR, 2011 WL 778448, at *2 (D. Me. Feb. 23, 2011), *R&R aff'd*, 2011 WL 778423 (D. Me. Feb. 28, 2011); *see also United States v. Routon*, No. 11-mc-91237-RWZ (May 27, 2015) (commitment order issued under 18 U.S.C. § 4246(d) after the parties stipulated and the defendant waived his right to a full hearing under Section 4247(d)) (under seal); *cf. United States v. Gibbs*, No. 12-mj-5048-JGD (D. Mass. June 29, 2012) (entering a Section 4241(d) order based on the BOP psychologist's report, the testimony of the psychologist at the hearing, arguments of counsel, and the defendant's demeanor).

The facts in *Gilbert* are instructive. In that case, Dr. Shawn Channell, a psychologist at FMC Devens, opined that the defendant was not competent to stand trial but that further

4

treatment might restore his competency. 2011 WL 778448, at *1. District of Maine Magistrate Judge Rich conducted a hearing attended by the defendant, his counsel, and counsel for the government. Defense counsel and the AUSA agreed with Dr. Channell's conclusions and recommendations. "The defendant's counsel explained at some length why he took this position despite his client's strenuous protestations that he does not suffer from a mental illness and is competent to stand trial, and why, as counsel, he deemed it inappropriate, and not in his client's best interests, to take instructions from him on this matter at this time." *Id.* The only exhibit admitted at the hearing was Dr. Channell's report. *Id.* at *2. The only witness was the defendant. "He strongly objected to any conclusion that he suffers from a mental illness or is incompetent to stand trial." *Id.* Based on its own observations, the court disagreed with the defendant's self-assessment. *Id.* At the conclusion of the hearing, the court issued a Report and Recommendation finding the defendant to be incompetent and recommending that he be committed for restoration treatment pursuant to Section 4241(d). *Id.* The Court based its decision on "the findings and recommendations in Dr. Channell's report, counsel's agreement with those findings and recommendations, the defendant's counsel's report of his visit with his client . . . , and [the court's] own observations of the defendant in court [at the hearing]." *Id.*

> Respectfully submitted,
>
> ANDREW E. LELLING
> United States Attorney
>
> */s/ Christine J. Wichers*
> CHRISTINE J. WICHERS
> Assistant U.S. Attorney
> One Courthouse Way
> Boston, MA 02210
> (617) 748-3278
> christine.wichers@usdoj.gov

**<u>Certificate of Service</u>**

I certify that, on September 13, 2018, this document filed through the ECF system was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*<u>/s/ Christine J. Wichers</u>*
Christine J. Wichers