UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO.
18-10022-ADB

UNITED STATES OF AMERICA

v.

JAMIE FIGUEROA

**REPORT AND RECOMMENDATION
ON DEFENDANT'S COMPETENCY TO STAND TRIAL**

November 20, 2018

DEIN, U.S.M.J.

**INTRODUCTION**

This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation on the defendant's competency to stand trial.   For the reasons detailed herein, this Court recommends to the District Judge to whom this case is assigned that the defendant be committed for further evaluation and treatment for restoration of competency pursuant to 18 U.S.C. § 4241(d).

**PROCEDURAL BACKGROUND**

The defendant, Jamie Figueroa, is under indictment for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).   On April 18, 2018, defense counsel filed an assented-to motion requesting that the Court order a psychiatric evaluation of the defendant pursuant to 18 U.S.C. § 4241.   The motion was allowed on April 23, 2018 (Docket No. 27), and an amended order authorizing the examination was entered by this Court on May 4, 2018.   (Docket No. 30).   The defendant was referred to the Federal Medical Center

(FMC) Devens, where he was evaluated during the period of June 7, 2018 through July 7, 2018. On August 10, 2018, a report was issued by Chad Tillbrook, PhD, a forensic psychologist at FMC Devens.  (Sealed Docket No. 53).   As described further below, Dr. Tillbrook recommended that Mr. Figueroa be committed for further evaluation and treatment for restoration of his competency pursuant to 18 U.S.C. § 4241(d).

The defendant thereafter requested the opportunity to have an independent psychiatric examination conducted.   An independent examination was conducted by Robert H. Joss, PhD, a forensic psychologist, on September 24, 2018.   In a report dated November 6, 2018, Dr. Joss reached a contrary conclusion to that expressed by Dr. Tillbrook.

An evidentiary hearing was held before this Court on November 13, 2018.   That morning, the defendant refused to come to court, and this Court declined to order that the defendant be forcibly brought to the courtroom.   The Court did permit the hearing to go forward, over defense counsel's objection, so that the government could present the testimony of Dr. Tillbrook, who had travelled from out of state for the hearing.

Dr. Tillbrook testified at the evidentiary hearing, and was cross-examined by defense counsel.   At the conclusion of this testimony, the hearing was continued so that defense counsel could consult with the defendant.   Although Dr. Joss was present in the courtroom, the defense did not call him as a witness, electing to await consultation with Mr. Figueroa and to assess whether Dr. Joss' opinion remained unchanged in light of the defendant's decision not to participate in the court proceedings.

On November 15, 2018, the defendant filed a status report notifying the Court that Mr. Figueroa would not be presenting any evidence and asking "that the Court rule on the question

[2]

of competency based on the testimony and evidence already received."[1]   (Docket No. 68). This Report and Recommendation follows.

## ANALYSIS

Dr. Tillbrook testified consistently with his detailed report of August 10, 2018.   Specifically, but without limitation, Dr. Tillbrook testified that Mr. Figueroa had been previously diagnosed with Major Depressive Disorder, PTSD, Bipolar II Disorder, Bipolar I Disorder with Psychotic Features, and Schizophrenia.   Dr. Tillbrook determined that the defendant is presently suffering from Schizophrenia.   As he concluded in his report:

> Mr. Figueroa has an adequate factual understanding of the courtroom proceedings.   However, due to his psychiatric illness, the defendant has substantial impairment in making rational decisions pertinent to the adjudication of his case.   His disorganized thinking and delusional beliefs produce significant deficits in his ability to participate rationally with his attorney in the preparation and implementation of his defense.

(Docket No. 53 at 12).

"To be found competent, a defendant must have both 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and 'a rational as well as factual understanding of the proceedings against him.'"   United States v. Reynolds, 646 F.3d 63, 70 (1st Cir. 2011) (quoting Dusky v. United States, 362 U.S. 402, 402, 80 S. Ct. 788, 4 L.

---

[1]  Dr. Joss' report was submitted into evidence by agreement at the evidentiary hearing as Exhibit 3. However, since the defendant elected not to call Dr. Joss to confirm the continued validity of his opinion after the defendant's refusal to come to court, this Court will not consider Dr. Joss' report.   In any event, Dr. Joss' opinion was based on the fact that while Mr. Figueroa has been diagnosed with a mental illness, his symptoms were not particularly evident during their meeting.   Dr. Tillbrook found Mr. Figueroa's symptoms to be very evident at numerous times throughout the period he was observed at FMC Devens.   Therefore, this Court's recommendation would remain the same, even if Dr. Joss' report was to be considered.

Ed. 2d 824 (1960)).  See also 18 U.S.C. § 4241(a) (a hearing on mental competency may be held to determine if the defendant is "suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.").   This Court finds, by a preponderance of the evidence, that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to assist properly in his defense.   The Court makes this finding after the hearing of November 13, 2018, consideration of Dr. Tillbrook's testimony and report, the arguments of counsel, and the defendant's conduct in connection with the hearing.

Therefore, this Court recommends to the District Court to whom this case is assigned that the following order be entered.

**PROPOSED ORDER**

In accordance with 18 U.S.C. § 4241(d), the Court hereby commits the defendant to the custody of the Attorney General.   The Attorney General shall hospitalize the defendant for treatment in a suitable facility:

(1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and

(2) for an additional reasonable period of time until -

    (a) his mental condition is so improved that trial may proceed, if the Court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or

   (b)  the pending charges against him are disposed of according to law; whichever is earlier.

The Court notes that defense counsel has requested placement at Fort Devens.

  The Court further orders the Bureau of Prisons to provide a report, within sixty days of the entry of this Order, regarding (1) whether a substantial probability exists that in the foreseeable future the defendant will attain the capacity to permit the proceedings to go forward, and (2) if so, an approximation of the anticipated period required to enable the defendant to attain the capacity to permit the proceedings to go forward.   It is further ordered that the period of delay resulting from the hospitalization of the defendant for the purposes described above and any subsequent judicial proceedings to determine the defendant's competency shall be excluded from the computation of deadlines under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(A).

## **RIGHT OF APPEAL**

  The parties are hereby advised that, under the provisions of Federal Rule of Criminal Procedure 59, any party who objects to this order may file an objection with the Clerk of this Court within 14 days after being served with a copy of this Report and Recommendation.

                / s / Judith Gail Dein
                Judith Gail Dein
                United States Magistrate Judge